IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,           )
                                     )
         Respondent/Plaintiff,       )
                                     )
v.                                   )   Case No. CR-09-049-RAW
                                     )
RICHARD LENO BONAT,                  )
                                     )
         Petitioner/Defendant.       )

# ORDER

Before the court is the defendant's motion for writ of habeas corpus, which the court construes as one pursuant to 28 U.S.C. §2241. Jurisdiction of defendant's supervised release was transferred to this court from the District of Arizona on May 15, 2009. A revocation hearing was held on March 29, 2011 and on April 7, 2011, defendant's supervised release was ordered revoked. Defendant was sentenced to time served and was placed on supervised release for a term of 24 months.

The motion reflects that on September 27, 2012, defendant was arrested in Okmulgee County, Oklahoma. Ultimately, defendant pled guilty to state charges and was sentenced in CF-2012-36. This court has not yet held a hearing as to whether the conduct charged in Okmulgee County constitutes a violation of the conditions of defendant's 24 month term of supervised release.

In the motion, defendant seeks relief pursuant to *Barden v. Keohane,* 921 F.2d 476 (3d Cir.1990), which permits a court to recommend a *nunc pro tunc* designation of a state facility as the place of service of a federal sentence. In other words, such a designation "has

the effect of starting the federal sentence while the defendant is in state custody and running the federal and state sentences concurrently." *United States v. Tubby,* 546 Fed.Appx. 869 (11th Cir.2013).

This court has no objection to such a request, if the circumstances are appropriate. The request does not appear applicable to defendant's situation, however. First, the Bureau of Prisons (BOP) has primary jurisdiction over prison placement. "It has long been held that exhaustion of all available administrative remedies is a prerequisite to a federal prison inmate seeking judicial review of administrative action by the BOP and federal habeas corpus relief pursuant to 28 U.S.C. §2241." *Koger v. Maye,* 2013 WL 591040 (D.Kan.2013). The record does not reflect that defendant has exhausted remedies.[*] Thus, this court lacks jurisdiction.

Even reaching the merits, at present there is no "federal sentence" with which the state sentence could run concurrently. The 24 month term of supervised release imposed on defendant on April 7, 2011 has expired. Defendant will face a hearing in this court on possible violation of conditions, but given the length of the state sentence, this court will likely not impose additional incarceration, even if a violation is found.

Finally, the Tenth Circuit notes "[t]his court has never adopted *Barden,*" although describing circumstances in which such application might be appropriate. *See United States v. Miller,* 594 F.3d 1240, 1242 (10th Cir.2010). The motion will be dismissed.

---

[*] Understandably, because defendant is not presently a "federal prison inmate" nor is he under a federal sentence of incarceration.

2

It is the order of the court that the defendant's motion (#20) pursuant to 28 U.S.C. §2241 is hereby dismissed for lack of jurisdiction.

**ORDERED THIS 27th DAY OF MAY, 2014.**

**Dated this 27th day of May, 2014.**

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma